# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: September 13, 2021

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| DIANA CASTANEDA, as Mother and Natural Guardian of minor child, S.E.C., | * * * | UNPUBLISHED |
| Petitioner, | * * | No. 18-1958V |
| v. | * * | Special Master Gowen |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * * | Decision on Damages; Table Injury; Influenza Vaccine; Guillain-Barré Syndrome ("GBS"). |
| Respondent. | * * | |
| * * * * * * * * * * * * | | |

*Leah V. Durant*, Law Offices of Leah V. Durant, PLLC, Washington, DC, for petitioner.
*Mallori B. Openchowski*, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON DAMAGES[1]

On December 21, 2018, Diana Castaneda ("petitioner") as a mother and natural guardian of minor child, S.E.C., filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] The claim concerns petitioner's minor child S.E.C.'s receipt of an influenza ("flu") vaccination on December 21, 2014, followed by his alleged development of Guillain-Barré syndrome ("GBS") on or shortly before February 1, 2015. Petition (ECF No. 1) at Preamble.

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims. The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. **This means the opinion will be available to anyone with access to the Internet.** Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to 34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On August 5, 2019, respondent filed a motion to dismiss which relied on his concurrent report in accordance with Vaccine Rule 4(c), in which respondent provided that petitioner's claim should be dismissed because it was not timely filed. Respondent's ("Resp.") Report ("Rept.") at 7. Respondent acknowledged that the Act contains a lookback provision for the filing of petitioner pursuant to revisions to the table. *Id*. at 8-9 (citing 42 U.S.C. § 300aa-16(b)). Respondent revised the Table to create a presumption of compensation for any petition filed on or after March 21, 2017, for the receipt of a flu vaccine followed within 3-42 days by the onset of GBS meeting certain qualifications and aids to interpretation ("QAI"). *Id*. at 7-8, citing 42 C.F.R. § 100.3(a); § 100.3(c)(15); *see also* 82 Fed. Reg. 620401, 2017 WL 202456 (Jan. 19, 2017). Respondent argued that S.E.C.'s diagnosis was "unclear," and did not have "decreased or absent deep tendon reflexes in weak limbs," which are required for Table flu/GBS injury. *Id*. at 7-8, citing 42 C.F.R. § 100.3(c)(15)(ii)(A).

On August 22, 2019, the Chief Special Master deferred ruling on respondent's motion to dismiss and ordered petitioner to file medical expert's reports addressing the issues that had been identified. ECF No. 17.

On June 1, 2021, the undersigned issued a ruling that petitioner is entitled to compensation. Ruling on Entitlement (ECF No. 46.). On September 10, 2021, respondent filed a Proffer on an award of compensation, which indicates petitioner's agreement to compensation on the terms set forth therein. Proffer (ECF No. 52). I have received the Proffer and do award damages in accord with it. The Proffer is incorporated herein and made part of hereof as Appendix A. Based on the record as a whole, I find that petitioner is entitled to an award as stated in the proffer.

**Consistent with the terms of the Proffer, the undersigned awards the following in compensation:**

(A) **A lump sum payment of $163,869.53 ($160,000.00 representing compensation for pain and suffering and $3,869.53 representing compensation for unreimbursed out-of-pocket medical expenses) in the form of a check payable to petitioner as guardian/conservatory of S.E.C., for the benefit of S.E.C. petitioner.**

This amount accounts for all elements of compensation under 42 U.S.C. §300aa-15(a).

The Clerk of the Court is directed to **ENTER JUDGMENT** in accordance with this decision.[3]

**IT IS SO ORDERED.**

s/Thomas L. Gowen<br>
Thomas L. Gowen<br>
Special Master

---

[3] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review. Vaccine Rule 11(a).

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| DIANA CASTANEDA, as Mother and Natural Guardian of minor child, S.E.C.,<br><br>            Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>            Respondent. | No. 18-1958V<br>Special Master Gowen<br>ECF |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

**I.      Compensation for Vaccine Injury-Related Items**

On December 21, 2018, Diana Castaneda, as mother and natural guardian of her minor child, S.E.C. ("petitioner") filed a petition under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34, as amended ("Vaccine Act" or "Act"), alleging that S.E.C. suffered Guillain-Barré Syndrome ("GBS") as a result of an influenza ("flu") vaccination S.E.C. received on December 21, 2014.  *See* Petition at Introduction.  On August 5, 2021, respondent filed his Vaccine Rule 4(c) report and motion to dismiss, contesting that entitlement to compensation was appropriate under the terms of the Vaccine Act for a Table injury for GBS following flu vaccination.  ECF Nos. 14, 15.  Thereafter, on June 1, 2021, the Special Master issued a Ruling on Entitlement, finding that S.E.C. was entitled to vaccine compensation.  ECF No. 46.

Based on the evidence of record, respondent proffers that S.E.C. should be awarded $163,869.53, which is comprised of damages for pain and suffering in the amount of $160,000.00, and damages for unreimbursed out-of-pocket medical expenses in the amount of

$3,869.53.[1]  This amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).[2]  Petitioner agrees.

**II.     Form of the Award**

The parties recommend that compensation provided to S.E.C. should be made through a lump sum payment of **$163,869.53**, in the form of a check payable to petitioner as guardian/conservator of S.E.C., for the benefit of S.E.C.  No payment shall be made until petitioner provides respondent with documentation establishing that she has been appointed guardian/conservator of S.E.C.

**III.    Guardianship**

No payments shall be made until petitioner provides respondent with documentation establishing that she has been appointed as the guardian/conservator of S.E.C.  If petitioner is not authorized by a court of competent jurisdiction to serve as guardian/conservator of S.E.C., any such payment shall be made to the party or parties appointed by a court of competent jurisdiction to serve as guardian/ conservator of S.E.C. upon submission of written documentation of such appointment to the Secretary.

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

---

[1] The parties have no objection to the amount of the proffered award of damages.  However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Special Master's June 1, 2021 entitlement decision.

[2]  Should S.E.C. die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.

3

                                    HEATHER L. PEARLMAN
                                    Deputy Director
                                    Torts Branch, Civil Division

                                    LARA A. ENGLUND
                                    Assistant Director
                                    Torts Branch, Civil Division

                                    *s/ Mallori B. Openchowski*
                                    MALLORI B. OPENCHOWSKI
                                    Trial Attorney
                                    Torts Branch, Civil Division
                                    U.S. Department of Justice
                                    P.O. Box 146, Ben Franklin Station
                                    Washington, DC 20044-0146
                                    Tel.:  (202) 305-0660
                                    mallori.b.openchowski@usdoj.gov

DATED:  September 10, 2021