# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: March 13, 2023

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| DIANA CASTANEDA, *as Mother and* | * | |
| *Natural Guardian of minor child, S.E.C.* | * | UNPUBLISHED |
| | * | |
| Petitioners, | * | No. 18-1958V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Modified Judgment; Damages. |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

*Leah Durant,* Law Offices of Leah Durant, PLLC, for petitioner.
*Mallori Browne Openchowski,* Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

On December 21, 2018, Diana Castaneda ("petitioner") as a mother and natural guardian of minor child, S.E.C., filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] The claim concerns petitioner's minor child S.E.C.'s receipt of an influenza ("flu") vaccination on December 21, 2014, followed by his development of Guillain-Barré syndrome ("GBS") on or shortly before February 1, 2015. Petition (ECF No. 1) at Preamble.

On September 10, 2021, respondent filed a proffer. Proffer. (ECF No. 52). The Decision on Damages was issued on September 10, 2021, and Judgment entered on September 15, 2021. Decision on Damages (ECF No. 53); Judgment (ECF No. 55).

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id*.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to 34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

As a condition of the proffer as made part of my decision awarding damages the petitioner was required to be appointed as guardian of the minor by the state court in New York.

On March 8, 2023, the parties filed a joint motion for relief from Judgment. Motion ("Mot.") (ECF No. 67). In the motion, the parties asked, "the Court to enter an order relieving the parties of the Court's September 15, 2021, Judgment, and vacating and modifying the Judgment." *Id*. at 1. Petitioner indicated "that she has encountered difficulties establishing a guardianship for S.E.C in New York., and has determined that she prefers, as an alternative, for respondent to purchase an annuity for the benefit of S.E.C., payable to S.E.C. at the time S.E.C. reaches the age of majority, which would not require the establishment of a guardianship." *Id*. Respondent has no objection. *Id*. In order to reduce costs to the Fund while protecting the interests of the minor, the parties have requested a modification of the original judgment. Mot. at 1-4. Therefore, as noted above and as requested by the parties, the prior decision issued on September 10, 2021, is withdrawn, and the judgment entered on September 15, 2021 is vacated. This new decision reflects the updated terms agreed up on by the parties.

The parties request that I modify the Judgment as follows:

A. The respondent shall purchase an annuity contract in the amount of $160,000.00 paid to a Life Insurance Company as described below, with the payment payable to S.E.C. when he reaches the age of majority on November 2, 2027. This amount represents compensation for all elements of compensation under 42 U.S.C. § 300aa-15(a) to which S.E.C. is entitled. The petitioners are to be reimbursed for out of pocket medical expenses as outlined in Section B, below.

1. The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

2. The purchase price of the annuity shall be $160,000.00, paid to a qualified Life Insurance Company, and will be used to fund an annuity payment of $191,156.62 on November 2, 2027, paid to S.E.C. In the event that the cost of the annuity payment varies from $160,000.00, the annuity payment to be paid on November 2, 2027, shall be adjusted upward or downward to ensure the total Annuity Premium of the annuity contract shall remain fixed at exactly $160,000.00. Should S.E.C. predecease the certain payment period specified above, any remaining payment shall be made to his estate. However,

    written notice to the Secretary of Health and Human Services and the Life Insurance Company shall be provided within twenty (20) days of S.E.C.'s death.

3. The annuity contract shall be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of this judgment. The parties agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amount set forth herein and that they do not guarantee or insure the future annuity payment. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to the future annuity payment.

4. The obligation of the annuity company to make the annuity payment shall be discharged upon the mailing of a valid check in the amount of such payment to the address designated by the party to whom the payment is required to be made. A payment lost or delayed through no fault of the annuity company shall be promptly replaced by the annuity company, but the annuity company is not liable for interest during the interim.

5. The parties stipulate and agree that the annuity payment cannot be assigned, accelerated, deferred, increased, or decreased by the parties, that no part of any the annuity payment called for herein, nor any assets of the United States or the annuity company, are subject to execution or any legal process for any obligation in any manner, and that petitioner shall not have the power or right to sell, assign, mortgage, encumber, or anticipate said annuity payment, or any part thereof, by assignment or otherwise.

B. A lump sum payment of **$3,869.53**, in the form of a check made payable directly to petitioner, representing compensation for petitioner's unreimbursed past expenses pursuant to 42 U.S.C. § 300aa-15(a)(1)(B).

    These amounts represent compensation for all damages that would be available under § 15(a).

    In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDMENT** in accordance with these terms.[3]

    **IT IS SO ORDERED.**

                                                   **s/Thomas L. Gowen**
                                                 Thomas L. Gowen
                                                 Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by jointly filing notice renouncing their right to seek review.