# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

Filed:  June 27, 2024

```
*  *  *  *  *  *  *  *  *  *  *  *  *  *
DIANA CASTANEDA, as Mother and          *
Natural Guardian of minor child, S.E.C. *
                                        *
        Petitioner,                     *        No. 18-1958V
                                        *
v.                                      *        Special Master Gowen
                                        *
SECRETARY OF HEALTH                     *
AND HUMAN SERVICES,                     *
                                        *
        Respondent.                     *
*  *  *  *  *  *  *  *  *  *  *  *  *  *
```

*Leah VaSahnja Durant*, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.
*Mallori Browne Openchowski*, U.S. Department of Justice, Washington, DC, for Respondent.

## <u>DECISION ON ATTORNEYS' FEES AND COSTS[1]</u>

On September 25, 2023, Diana Castaneda, ("petitioner") as the mother and natural guardian of minor child, S.E.C. filed a motion for attorneys' fees and costs. Petitioner's Motion for Attorney Fees ("Fees App.") (ECF No. 74). For the reasons discussed below, I **GRANT** Petitioner's motion for attorneys' fees and costs and award a total of **$71,958.39.**

## I.    Procedural History

On February 8, 2018, Diana Castaneda, as the mother and natural guardian of minor child, S.E.C., filed a petition for compensation in the National Vaccine Injury Compensation Program.[2] (Petition) (ECF No. 1). The claim concerned petitioner's minor child S.E.C.'s receipt of an influenza ("flu") vaccination on December 21, 2014, followed by his development of Guillain-

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018) (Vaccine Act or the Act. All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

Barré syndrome ("GBS") on or shortly before February 1, 2015. Petition (ECF No. 1) at Preamble. *Id*. On March 13, 2023, the parties filed a proffer, which I adopted as my decision awarding compensation on the same day. (ECF No. 69).

On September 25, 2023, Petitioner filed a motion for attorneys' fees and costs. Petitioner requests compensation in the total amount of $71,958.39, representing $64,720.20 in attorneys' fees and $7,238.19 in costs. Fees App. at 1. Pursuant to General Order No. 9, Petitioner warrants she incurred costs totaling $400.00 related to the prosecution of her petition. *Id*. at 2. Respondent reacted to the fees motion on October 5, 2023, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2 (ECF No. 75). Petitioner filed her reply on October 6, 2023, requesting the Court award the fees and costs be awarded in full. (ECF No. 76).

The matter is now ripe for adjudication.

## II.     Analysis

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation but was filed in good faith and supported by a reasonable basis. § 300aa–15(e)(1). Here, because Petitioner was awarded compensation, she is entitled to an award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs*., 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

### a.     Attorneys' Fees

Petitioner requests the following rates of compensation for his attorneys: for Ms. Leah V. Durant ("LVD"), $377.00 per hour for work performed in 2018, $380.00 per hour for work performed in 2019, $395.00 per hour for work performed in 2020, $420.00 for work performed in 2021, $441.00 for work performed in 2022, and $463.00 per hour for work performed in 2023; for Mr. Mike Milmoe ("MM"), $455.00 per hour for work performed in 2018, $464.00 per hour for work performed in 2019, $484.00 per hour for work performed in 2020, and $509.00 for work performed in 2021; for Ms. Summer Abel ("SA"), $260.00 per hour for work performed in 2020; and for Mr. Richard Armada ("RA"), $400.00 per hour for work performed in 2021. These rates are consistent with what counsel have previously been awarded for their Vaccine Program work and the undersigned finds them to be reasonable herein.

Turning next to review of the submitted billing statement, I find that the overall hours spent on this matter appear to be reasonable. The entries are reasonable and accurately describe the work being performed and the length of time it took to perform each task. Respondent did not respond

to the fees motion, and thus has not identified any particular entries as being objectionable. Therefore, Petitioner is entitled to final attorneys' fees of $64,720.20.

### b. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total attorneys' costs in the amount of $7,238.19. This amount is comprised of acquiring medical records, medical review of those records by Dr. Catherine Shaer, postage, and the Court's filing fee. Fees App. Ex. 2 at 2. This amount also includes expert services performed by Dr. Ahmet Höke at $500.00 per hour for 9 hours totaling $4,500.00. *Id.* at 12. Petitioner has provided adequate documentation supporting all of her requested costs. Petitioner is therefore awarded the full amount of costs sought.

Pursuant to General Order No. 9, petitioner states that personal costs were incurred in the amount of $400.00. Fees App. at 2. Petitioner has provided adequate documentation supporting the requested cost and she is awarded the full amount requested.

## III.    Conclusion

In accordance with the foregoing, I hereby **GRANT** Petitioner's motion for attorneys' fees and costs and find that Petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $64,720.20 |
| (Reduction of Fees) | - |
| **Total Attorneys' Fees Awarded** | **$64,720.20** |
| | |
| Attorneys' Costs Requested | $7,238.19 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$7,238.19** |
| | |
| Petitioner's Costs Requested | $400.00 |
| (Reduction to Costs) | - |
| **Total Petitioner's Costs Awarded** | **$400.00** |
| | |
| **Total Attorneys' Fees and Costs** | **$71,958.39** |

**Accordingly, I award the following:**

1) **A lump sum in the amount of $71,958.39, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to petitioner and her counsel, Ms. Leah Durant.**

2) **A lump sum of $400.00 in the form of a check payable to petitioner.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance herewith.[3]

       **IT IS SO ORDERED.**

**/s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).